UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TALISMANIC PROPERTIES, LLC., *et al.*,

    Plaintiffs,

vs.

CITY OF TIPP CITY, OHIO,

    Defendant.

Case No. 3:16-cv-285

Magistrate Judge Michael J. Newman
(Consent case)

## ORDER TO SHOW CAUSE

    This civil case is before the Court following Defendant's removal of the action from the Miami County, Ohio Court of Common Pleas. *See* doc. 1 at PageID 1. Defendant removed this case to this Court on the basis that Plaintiffs, in their complaint, allege, pursuant to 42 U.S.C. § 1983, violations of the Fifth and Fourteenth Amendments of the Constitution of the United States. *See id*. Defendant also asserts that the Court possesses supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court, *sua sponte*, reviews whether subject matter jurisdiction before the Court is proper. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (holding that "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*").

    Plaintiff Talismanic Properties, LLC ("Talismanic") owns 42 lots in Tipp City, Ohio ("the City"), which it is developing into a residential subdivision called "Cedar Grove." Doc. 5 at PageID 145. Plaintiff Judith Tomb is Talismanic's general manager. *Id*. Plaintiffs contend that the City is placing costly, unreasonable, arbitrary, and unnecessary conditions upon them in order to move forward with development of the subdivision. *See id*. at PageID 145-51. These conditions allegedly include, perhaps among others: (1) installing certain electrical improvements that benefit only other properties; (2) changing specifications to require more expensive backfill; and (3) completion of

certain "punch list" repairs. *See id*. at PageID 146-51.

While Plaintiffs caption their federal claim as an "Unconstitutional Taking of Property" -- on the basis of a regulatory taking or a taking arising from unconstitutional conditions -- they also appear to assert claims under 42 U.S.C. § 1983 alleging a number of other constitutional deprivations, namely, a denial of substantive due process, procedural due process, and equal protection. *See* doc. 5 at PageID 151-54, 156-58. The undersigned's careful and detailed review of the pleadings reveals that all of Plaintiffs' federal claims could reasonably fall within the framework of Plaintiffs' "taking without just compensation" claim which, in the absence of exhausting state remedies, may not be ripe for federal review. *Cf. Forseth v. Village of Sussex*, 199 F.3d 363, 368-74 (7th Cir. 2000).

The Fifth Amendment of the United States Constitution provides, in part, that "private property [shall not] be taken for public use, without just compensation." U.S. CONST. amend. V. This clause is commonly referred to as the "Takings Clause" or the "Just Compensation Clause." *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985); *River City Capital, L.P. v. Bd. of Cnty. Comm'rs, Clermont Cnty, Ohio*, 491 F.3d 301, 306 (6th Cir. 2007). The Takings Clause "is made applicable against the states and their subdivisions through the Fourteenth Amendment[.]" *River City*, 491 F.3d at 306.

"A federal court may . . . hear a takings claim only after two criteria are met: (1) the plaintiff must demonstrate that he or she received a 'final decision' from the relevant government; and (2) the plaintiff must have sought 'compensation through the procedures the State has provided for doing so.'" *Hensley v. City of Columbus*, 557 F.3d 693, 696 (6th Cir. 2009) (quoting *Williamson*, 473 U.S. at 194). Under Ohio law, absent the filing of an appropriation proceeding by the government, the deprived landowner must initiate a mandamus action in state court before a takings claim is ripe for adjudication in federal court. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006); *Vill. of*

*Maineville v. Hamilton Twp.*, 902 F. Supp.2d 1072, 1080 (S.D. Ohio 2012); *see also Adire v. Rump*, No. 92-4204, 1993 WL 239053, at *4 (6th Cir. June 30, 1993).  "This procedure . . . must be followed regardless of whether a physical or regulatory taking is at issue."  *Texas Gas Transmissions, LLC v. Butler Cnty Bd. of Comm'rs*, 625 F.3d 973, 976 (6th Cir. 2010).

Absent exhaustion of these state procedures, a taking claim is "unripe."  *Id*. (citation omitted).  "If a claim is unripe, federal courts lack subject matter jurisdiction[.]"  *Id*. (citation omitted).  Where subject matter jurisdiction is lacking, the Court must dismiss the action "even if neither party has raised this issue." *Id*. (citation omitted).[1]

It appearing to the Court that it may lack subject matter jurisdiction over Plaintiffs' federal claims,[2] the undersigned **ORDERS** the parties to **SHOW CAUSE**, in writing, on or before **September 30, 2016** as to why this case should not be remanded to the state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date:   September 8, 2016                                       *s/ Michael J. Newman*
                                                               Michael J. Newman
                                                               United States Magistrate Judge

---

[1] Federal courts are constitutionally limited, by Article III of the United States Constitution, "to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions."  *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002).  "'Ripeness is more than a mere procedural question; it is determinative of jurisdiction.  If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.'" *Id*. (citing *Bigelow v. Michigan Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir.1992); *Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir.1990)).

[2] The Court recognizes that Plaintiff has asserted state claims.  However, exercise of supplemental jurisdiction is inappropriate should Plaintiffs' federal claims be unripe for adjudication in this Court.  *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (stating that, in cases where the district court dismisses federal claims "before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed").